# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8571 | **DATE** | April 12, 2012 |
| **CASE TITLE** | *Robertson v. Steamgard* | | |

**DOCKET ENTRY TEXT:**

The defendants' motion to dismiss [12] is granted. Mr. Robertson may file an amended complaint by no later than May 1, 2012. The defendants shall answer or otherwise plead by May 22, 2012. This matter is set for status on May 24, 2012, at 11:00 a.m.

■ [ For further details see text below.]

## STATEMENT

Plaintiff Devin Robertson worked as a steam technician for defendants Steamgard LLC and Constantine Stavropoulos, Steamgard's president and owner. He alleges that while he was employed by Steamgard, he did not receive proper overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Illinois Minimum Wage Act, 820 ILCS § 105, *et seq*., and the Illinois Wage Payment and Collection Act, 820 ILCS § 115, *et seq*.. The defendants have filed a Rule 12(b)(6) motion to dismiss, contending that the complaint is too vague and, alternatively, that the state law claims are barred by the FLSA. The court concludes that the factual allegations in the complaint supporting all three counts are insufficient but finds that the state law claims are not barred. Thus, the motion to dismiss is granted, and Mr. Robertson is granted leave to file an amended complaint.

**I.     Background**

The following facts are drawn from the concise, five-paragraph/nineteen-line summary of facts in the complaint. Complaint at ¶¶ 2-6. Mr. Robertson worked for Steamgard as a steam technician at some unspecified point that he describes as "the relevant statutory periods." *Id*. at ¶ 2. As a steam technician, he was paid by the hour and classified as non-exempt under the FLSA and Illinois Minimum Wage Act.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

According to Mr. Robertson, he regularly worked more than 40 hours per week but was not paid "the proper overtime premium (1.5 times his regular rate of pay)" for overtime. *Id*. at 5. He contends that the failure to receive proper overtime violates the FLSA, the Illinois Minimum Wage Act, and the Illinois Wage Payment Act.

## II. Discussion

### A. Standard for a Motion to Dismiss

To survive a motion to dismiss, a complaint's request for relief must be "'plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A complaint meets this standard when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[N]aked assertions devoid of further factual enhancement" are insufficient. *Id*. at 1949 (internal quotation marks omitted). Instead, the Supreme Court recently clarified that determining if a complaint states a plausible claim is "a context-specific task that requires [the court] to draw on [its] judicial experience and common sense." *Id*. at 1950.

### B. Sufficiency of the Factual Allegations

The defendants contend that the complaint is conclusory and unsupported by any specific factual allegations demonstrating that they are liable. The court agrees. Brevity is laudable, but can be taken too far. The factual allegations in the complaint are exceptionally terse and do not enable the reader of the complaint to understand any of the factual underpinnings of the claims. Indeed, the court cannot even ascertain when Mr. Robertson worked for Steamgard or if he is currently employed there. As noted above, to provide fair notice of the grounds for his claim, Mr. Robertson must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. That is precisely what Mr. Robertson has done so the complaint is dismissed with leave to replead. *See Wilson v. Pioneer Concepts Inc.*, No. 11 C 2353, 2011 WL 3950892 (N.D. Ill. Sept. 1, 2011) (dismissing FLSA claim based on allegations that the plaintiff and other unidentified employees worked an unidentified number of extra hours and worked overtime without compensation).

### C. State Law Claims

In the interests of conserving the parties' resources, the court will consider the defendants' fall-back argument that the FLSA provides the exclusive remedial scheme to address an employee's right to be paid minimum wage and overtime. According to the defendants, this principle means that Mr. Robertson's state law claims must be dismissed. The court disagrees as the Seventh Circuit has held that the FLSA is "amenable to state-law claims for related relief in the same federal proceeding." *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 977 (7th Cir. 2011); *see also Hoffman v. First Student Inc.*, No. 06-1882-AMD, 2009 WL 1783536, at *9 (D. Md. Jun. 23, 2009) (state statutory claims may reside "alongside and are consonant with the remedial scheme fashioned in the FLSA"). Moreover, the FLSA includes a savings clause which "has the effect of preserving state and local regulations." *Id*., *quoting* 29 U.S.C. § 218(a) ("No provision of this chapter ... shall

(continued)

| STATEMENT |
|---|

excuse noncompliance with any Federal or State law or municipal ordinance establishing [a higher minimum wage or a shorter maximum work week]"). Accordingly, Mr. Robertson is not required to pursue relief solely under the FLSA and may also seek relief under the Illinois Minimum Wage Act, and the Illinois Wage Payment and Collection Act.

**III.     Conclusion**

    For the reasons stated above, the defendants' motion to dismiss [12] is granted.  Mr. Robertson may file an amended complaint by no later than May 1, 2012.  The defendants shall answer or otherwise plead by May 22, 2012.  This matter is set for status on May 24, 2012, at 11:00 a.m.